IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROGER MOORE**

    Petitioner,

v.                                        Civil Action No. 2:13cv53
                                                (Judge Bailey)

**ANN CARTER,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 1, 2013, petitioner, a federal prisoner incarcerated at F.C.I. Morgantown in Morgantown, West Virginia, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court issued a deficiency notice the same day. On August 21, 2013, petitioner corrected his deficient pleadings, including the filing of his petition on a court-approved form, payment of the required fee, and an application to proceed *in forma pauperis* with a copy of his Prisoner Trust Account and Ledger Sheets.

Accordingly, this case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. Petition

The petitioner raises only one ground for relief, what the undersigned construes as deliberate indifference to serious medical needs, alleging that on July 12, 2013, while asleep at around 3:00 a.m., he suffered a "violently severe epileptic seizure," an event apparently witnessed by his cell mate and other inmates, who called staff for assistance. Petitioner contends that one "Lieutenant Shaw" appeared approximately 20 minutes later, and merely

1

shone his flashlight in petitioner's eyes and called his name. Subsequently, three other offers arrived and did the same. No medical care was offered. Petitioner contends that the ambulance was not called nor was the prison's only doctor consulted. Further, he avers that he did not attempt to administratively exhaust his claims through the prison's internal grievance system because "[t]he issue presented is not one where a solution is possible. The harm and damage has already occurred." (Dkt.# 7 at 8).

Petitioner seeks only injunctive relief, in the form of the entry of an Order, directing the Warden to "employ reasonable and necessary internal procedures to safeguard medically challenged inmates" like himself, "including but not limited to additional staff training."

### III. Analysis

As a preliminary matter, the undersigned notes that federal prisoners may seek relief through 28 U.S.C. § 2241. However, here, the petitioner is not contesting the validity of his arrest or incarceration. Rather, he is alleging violations of his constitutional rights with respect to the prison staff's failure to respond appropriately to what he considers a serious emergency medical condition, and this is not the type of claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and civil rights actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a Bivens[1] civil rights action and pay the $400.00 filing fee.

### IV. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

(Dkt.# 7) be **DISMISSED without prejudice**. Further, the undersigned recommends that because petitioner has already paid the required fee, his motion to proceed *in forma pauperis* (Dkt.# 8) be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by September 5, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to send petitioner a *pro se* Bivens packet, should he wish to re-file his claims as a civil rights action.

DATED: August 22, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE